IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FLOOR AND DECOR OUTLETS OF AMERICA, INC., | Case No.: 3:24-cv-01262-AN |
| Plaintiff, | |
| v. | OPINION AND ORDER |
| OREGON WORSTED COMPANY, | |
| Defendant. | |

This action arises from a lease agreement between plaintiff Floor and Decor Outlets of America, Inc. and defendant Oregon Worsted Company. On plaintiff's motion, this Court previously dismissed certain portions of defendant's counterclaims, with some portions being dismissed with prejudice and some without. Defendant moved for an extension of time to replead following the Court's ruling. Defendant then filed an unopposed motion to amend scheduling order. Finally, defendant filed a motion for leave to file an amended answer, in which defendant adds and removes factual allegations and affirmative defenses, and amends counterclaims and defendant's prayer for relief. For the reasons stated herein, all three of defendant's motions are GRANTED.

**LEGAL STANDARD**

Leave to amend pleadings should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Sonoma County Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) ("In general, a court should liberally allow a party to amend its pleading."). However, leave to amend "is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Leave to amend may be denied due to "undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, . . . [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Among these, "[p]rejudice to the opposing party is the most important factor." *Jackson*, 902 F.2d at 1387. The party

1

opposing amendment bears the burden of establishing prejudice or making a "strong showing" that relevant factors disfavor amendment. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## BACKGROUND

### A.    Factual and Procedural Background

Effective July 15, 2022, the parties entered into a Ground Lease Agreement (the "Lease"), with plaintiff leasing land from defendant upon which to construct and operate a new retail and distribution store. Compl., ECF 1, ¶¶ 6, 11, 22 & Ex. A, at 1; Answer, Aff. Defenses, & Counterclaims ("Answer"), ECF 6, at 2 ¶ 6, 2 ¶ 11, 4 ¶ 22. Disputes arose between the parties, and on August 2, 2024, plaintiff filed this action, alleging claims for breach of contract, breach of the covenant of good faith and fair dealing, and declaratory judgment. Compl. ¶¶ 86-108. In relevant part, plaintiff alleges in the complaint that defendant delayed performing certain work (the "Landlord Work"[1]) such that, at the time of the complaint's filing and per the terms of the Lease, neither the Commencement Date nor the Rent Commencement Date had occurred, and that plaintiff is thus entitled to rent abatement for the number of days defendant's work is delayed. Compl. ¶¶ 98-100.

On September 6, 2024, defendant filed its answer, affirmative defenses, and counterclaims. *See* Answer. Therein, defendant asserted two counterclaims: the first claim consisted of two counts of a breach of contract claim, for express breach of contract and breach of the implied covenant of good faith and fair dealing, and the second claim was for declaratory judgment. *Id.* at 28-30. In relevant part, defendant alleged that because plaintiff occupied and began construction on the Premises before defendant completed its work as required by the Lease, plaintiff waived or was estopped from asserting that the Commencement Date was any later than the day plaintiff occupied and began construction on the Premises, i.e., June 10, 2023. *Id.* at 17-18.

On September 27, 2024, plaintiff filed a motion to dismiss defendant's counterclaims. Pl. Partial

---

[1] A detailed recitation of facts, along with the definition of the term "Landlord Work," is provided in the Court's opinion and order in this case dated September 26, 2026, and is not repeated here. Op. & Order of September 26, 2025, ECF 19, at 3. The same is true for the terms "Commencement Date," "Rent Commencement Date," and "Premises." *Id.* at 2-4.

Mot. to Dismiss, ECF 8. On October 18, 2024, defendant filed a response in opposition. Def. Resp. Opp'n Pl. Partial Mot. to Dismiss, ECF 11. On November 1, 2024, plaintiff filed a reply in support. Pl. Reply Supp. Partial Mot. to Dismiss, ECF 12.

On November 6, 2024, defendant finished its work as required by the Lease. Def. Mot. for Leave to Am. ("Def. Mot."), ECF 23, at 2; Pl. Resp. Opp. Leave to Am. ("Pl. Resp."), ECF 24, at 4. On November 7, 2024, plaintiff opened its retail store to the public. Def. Mot. 2; Pl. Resp. 4.

On November 22, 2024, the parties filed a joint Rule 26(f) report and proposed discovery plan. Joint R. 26(f) Rep., ECF 14. In January 2025, the Court held a Rule 16 conference with the parties. Mins. of Proceedings of January 2, 2025, ECF 18.

By opinion and order dated September 26, 2025, the Court granted plaintiff's motion to dismiss. Op. & Order of September 26, 2025, ECF 19. In the opinion, the Court (1) dismissed defendant's rent-related counterclaims with prejudice and without leave to amend; (2) dismissed defendant's allegations as to waiver and estoppel without prejudice; and (3) ruled that defendant's remaining counterclaims survive, as outlined in the opinion and order. *Id.* at 15-16.

**B.      Instant Motions**

There are three motions at issue in this opinion and order. In the first two motions, defendant requested an extension of time and modification of the Court's scheduling order so as to allow more time to file proposed amendments following the Court's ruling. *See* ECF 20 (motion for extension of time); ECF 22 (motion to modify scheduling order). Plaintiff reserved its objection to the substance of defendant's proposed amendments but did not oppose the request for additional time. *See* ECF 21; ECF 22. The third motion is defendant's motion for leave to file a first amended answer, affirmative defenses, and counterclaims. *See* Def. Mot. In the proposed first amended answer, defendant adds new factual allegations and a new counterclaim, amends a previously asserted counterclaim, and removes certain allegations, affirmative defenses, and counterclaims. *Id.* at 2-3; *see id.* at Ex. 1 ("Proposed 1st Am. Answer"). Plaintiff filed a response in opposition on December 8, 2025, *see* Pl. Resp., and defendant filed a reply in support on December 22, 2025, *see* Def. Reply, ECF 24.

**DISCUSSION**

Plaintiff does not object to defendant's requested extension of time, nor to defendant's motion to amend the scheduling order.  Therefore, the Court grants those motions and turns to the substance of defendant's motion for leave to amend.  The parties disagree regarding (1) whether defendant's motion for leave to amend should be treated as a combined motion for reconsideration, and (2) whether defendant has satisfied whichever legal standard applies.  The Court addresses each dispute in turn.

**A.     Applicable Legal Standard**

For the following reasons, the Court concludes that defendant's motion for leave to amend is not a motion for reconsideration.  Where a party seeks to reassert claims that have previously been dismissed with prejudice, that party's motion is appropriately treated as a motion for reconsideration.  *See Baba v. Hewlett Packard Co.*, No. C 09-5946 RS, 2012 WL 12921298, at *3 (N.D. Cal. May 22, 2012) (construing a motion to amend as a motion for reconsideration where the proposed amendments sought to revive a claim previously dismissed with prejudice); *cf. Khlafa v. Or. Health & Sci. Univ.*, No. 3:23-cv-1013-SI, 2024 WL 4652169, at *4 (D. Or. Nov. 1, 2024) (treating a motion to amend "as a combined motion for reconsideration and motion to amend" where plaintiff's proposed amendment would revive a claim dismissed at summary judgment).  The Court briefly explains its prior ruling and defendant's motion for leave to amend below.

In the Court's prior ruling, Court held that, "[w]ith one exception, defendant's rent-related counterclaims are appropriately dismissed with prejudice and without leave to amend" because "any additional facts alleged cannot alter the Court's interpretation of" the Lease's Commencement Date and Rent Commencement Date provisions, which the Court concluded "are unambiguous as a matter of law." Op. & Order of September 26, 2025, at 14-15.  The "one exception" to this ruling was as to waiver and estoppel—on those issues, the Court held that, "[t]o the extent that there exist facts not yet alleged which evince conduct by plaintiff that indicates a 'clear, decisive and unequivocal' purpose to waive the Commencement Date and Rent Commencement Date in the Lease, defendant may amend its answer to allege such facts." *Id.* at 15.  For clarity, the Court concluded the opinion and order by summarizing its

rulings with specificity:

> For the foregoing reasons, the Court **dismisses with prejudice** the following of defendant's counterclaims: (1) the first count of defendant's breach of contract counterclaim, in full; (2) part of the second count of defendant's breach of contract counterclaim, for implied breach of contract based on the theory that plaintiff is improperly withholding rent; and (3) part of defendant's counterclaim for declaratory judgment, including defendant's request for an order declaring the Commencement Date, Rent Commencement Date, and whether plaintiff is to surrender possession of the Premises to defendant.  The Court **dismisses without prejudice** defendant's allegations regarding waiver and estoppel.  The following claims **survive**: defendant's implied breach of contract claim, based on the theories that plaintiff attempted to have defendant billed for costs that plaintiff is responsible for paying, wrongfully rejected defendant's claims of force majeure, and wrongfully attempted to interfere with construction of the hotel; and part of defendant's request for declaratory judgment, specifically, the request for an order declaring that force majeure applies to the Landlord Work.

*Id.* at 15-16 (emphases added).

In the motion for leave to amend, defendant in part seeks "to update the pleadings to reflect the fact that plaintiff has now opened its retail store to the public," which fact defendant asserts "is significant because it triggered the 'Rent Commencement Date,' based on the definition of that term in the . . . Lease." Def. Mot. 2.  Defendant clarifies that it "alleges only that the Rent Commencement Date was determined under the express terms of the Lease, and not by waiver or estoppel."  *Id.* at 2 n.1.  In the first amended answer, defendant alleges three counterclaims, for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) declaratory judgment.  Proposed 1st Am. Answer 26-28, 34 (references to internal pagination of exhibit).  In the breach of contract claim, defendant seeks damages for unpaid rent accruing from the date plaintiff's store opened.  *Id.* at 27.  In the breach of the implied covenant of good faith and fair dealing claim, defendant seeks damages resulting from plaintiff's "wrongful[] attempt[] to interfere with construction" and to impose costs improperly onto defendant, as well as plaintiff's rejection of defendant's claims of force majeure.  *Id.* at 34.  In the declaratory judgment claim, defendant seeks an order declaring the Commencement Date to be the date plaintiff opened its store and the Rent Commencement Date to be "July 27, 2024, but in any event not later than" the date plaintiff opened its store.  *Id.* at 34-35.

Defendant's proposed amendments are not an iteration of those allegations and counterclaims

previously dismissed. The Court dismissed defendant's rent-related counterclaims predicated on the theory that plaintiff's rent obligations were triggered when plaintiff took possession of the Premises and began construction in June 2023. *See* Op. & Order of September 26, 2025, at 9. Defendant now seeks to add counterclaims for breach of contract and declaratory relief based on the theory that plaintiff's rent obligations were triggered when it opened its store for business. *See* Proposed 1st Am. Answer 24-26. The Court acknowledges that its broad language could be interpreted to encompass any and all rent-related counterclaims in perpetuity, however, the proper reading of the ruling puts the Court's holding in the context of the issues and facts before the Court at the time—specifically, defendant's contract interpretation theory based on plaintiff taking possession of the Premises and commencing construction. For these reasons, defendant's motion for leave to amend the pleadings is governed by Rule 15's standard for amendment.

**B.      Analysis**

Defendant's motion satisfies the Rule 15 motion to amend standard. Amendment is generally "liberally allow[ed]," *Sonoma County Ass'n*, 708 F.3d at 1117, though it "is not to be granted automatically," *Jackson*, 902 F.2d at 1387. As noted above, leave to amend may be denied due to, in relevant part, "undue delay . . . [and] prejudice to the opposing party." *Foman*, 371 U.S. at 182. Plaintiff argues that these two factors disfavor granting leave to amend in this case. For the reasons described next, plaintiff has not met its burden of establishing that the prejudice and undue delay factors sufficiently disfavor amendment.

Undue prejudice is "the most important" factor in determining whether leave to amend should be granted. *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, 668 F.2d 1014, 1053 n.68 (9th Cir. 1981). Plaintiff argues that granting defendant's motion would cause "substantial[]" prejudice to plaintiff because "the parties largely deferred depositions and third-party subpoenas pending the Court's ruling on [plaintiff's] Motion to Dismiss, as that ruling defined the scope of discovery," and so granting defendant's motion would "expand[] the scope of pertinent issues" and "likely leave insufficient time for depositions and document production." Pl. Resp. 10. Defendant asserts that "[t]he parties mutually agreed to defer depositions and to set pretrial deadlines based on the Court's resolution of plaintiff's motion to

dismiss"; "[d]epositions still have not occurred, and no trial date has been set"; and "the proposed amendment does not unreasonably add to the 'scope of pertinent issues'" because the Court necessarily must determine the Commencement Date and Rent Commencement Date to award plaintiff the relief it seeks, i.e., rent abatement, offsets, and declaratory relief establishing the Commencement Date and Rent Commencement Date. Def. Reply 8. (quoting Pl. Resp. 10).

Delay alone "is insufficient to justify denial of leave to amend." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Regardless, "although delay is not a dispositive factor in the amendment analysis, it is relevant, especially when no reason is given for the delay." *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Here, delay is a relevant factor but does not amount to undue prejudice. On one hand, defendant has not disputed that it has been aware of the date of plaintiff's store opening since either the date it opened or shortly thereafter. Yet, despite both parties' knowledge, neither party informed the Court of this fact, including either in the Rule 26(f) report submitted or at the Rule 16 conference held while plaintiff's motion to dismiss was under consideration. Only after the Court's opinion issued, approximately ten months after plaintiff's store opened, did defendant seek to inform the Court of the "new" fact.

On the other hand, however, while it may have been more efficient for the parties to bring the changed circumstances to the Court's attention sooner, defendant filed its motion to amend promptly after the Court's ruling on plaintiff's motion and substantially within the time limits set by the Court.[2] *See ING Bank, fsb v. Wah*, No. C09-1458-JCC, 2010 WL 11691443, at *1 (W.D. Wash. Aug. 26, 2010) (noting that prejudice from delay is especially unlikely "when the motion for leave to amend was timely filed within the deadline that the Court has set"). No trial date is set, and discovery is still open. And, although further discovery may be inconvenient to plaintiff, it is not unduly prejudicial. *See Robillard v. Opal Labs, Inc.*, 337 F Supp 3d 962, 971 (D Or 2018) ("Defendant fails to meet its burden of demonstrating undue prejudice, even if some additional discovery is required."). This is particularly true where, as here, the parties agreed

---

[2] Timely seeking only a short extension, to which plaintiff consented. *See supra* page 3.

to postpone depositions pending the Court's ruling on defendant's motion for leave to amend and must already undertake discovery regarding calculating the rent owed under the Lease to determine plaintiff's damages. Ultimately, the counterclaims in the proposed amended answer do not widen the scope of this litigation generally, and it is not clear to what extent, if any, they widen the scope of discovery.

Finally, it is noteworthy that no argument has been presented regarding bad faith or dilatory motive, no amendment has yet been made in this case, and there has not been a showing of futility.

In conclusion, any prejudice or delay present here does not outweigh the usual practice of granting leave to amend "freely." Fed. R. Civ. P. 15(a)(2). Defendant's motion for leave to amend is granted accordingly.

**CONCLUSION**

For the reasons stated herein, defendant's motion for extension of time, ECF 20; unopposed motion to amend scheduling order, ECF 22; and motion for leave to file first amended answer, affirmative defenses, and counterclaims are GRANTED. Defendant shall file the first amended answer, affirmative defenses, and counterclaims on or by May 11, 2026.

IT IS SO ORDERED.

DATED this 4th day of May, 2026.

_____
Adrienne Nelson
United States District Judge

8